UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  03-CIV-61980-COHN

A&L ATLANTIS, LLC, H.K. ACORD, MARIE
ATTAWAY, ISAAC ATTIAS, SHIRLEY ATTIAS,
PAULYN BACIU, MARIELA ALEJANDRA BARBERIS,
LEE AH BEE, GITA BEHARRY, JUAN CARLOS BIZET,
ROMÁN FERNANDEZ BONOMI, BORA BORA
VENTURES, LIMITED, DEBORAH CHRISTEN-
DOMEDION, NANCY CONTRERAS, JOHN CORDISCO,
BARBARA CRANE, CYPRESS CREEK HOLDINGS
LTD., DE FILIPPI ENTERPRISES, INC., ADRIAN
ENRIQUE DE FILIPPI, ANDREA DIRUGERIS,
NATALIE DIRUGERIS, PETER DIRUGERIS, WILLIAM
DIRUGERIS, EVEGER LLC, ARIEL GADEA, DAVID
GILBERT, DAVE GUIDICE, VIOLET GIUDICE, JOHN
D. GOGGINS TRUST BY AND THROUGH JOHN D.
GOGGINS, TRUSTEE, JOHN D. GOGGINS, ELLEN
GOLDENER, JOHN GOLDENER, KOPPELMAN-
GOLDSTEIN-ROBBINS FAMILY L.P., NOREEN
KOPPELMAN-GOLDSTEIN, CHAN YIU KEUNG, LEE
TZE KOON, MARTIN JAFFEE, PHYLLIS JAFFEE, TAN
SEK LIAN, LEEDON DEVELOPMENT CORPORATION,
DEBORAH L. LEVY, ED. D., ELLIOTT G. LEVY, M.D.,
JOHN TE LIM, ELISABETH ANN LOBO, JOHN LOBO,
BETTY MADEY, RICHARD MADEY TRUST BY AND
THROUGH RICHARD MADEY, TRUSTEE, RICHARD
MADEY, RONALD MADEY, NICHOLAS MANCINI,
ROCHELLE MANCINI, ULTAN MORAN, MICHAEL
MOYNIHAN, FRED R. NEIGHBORS, ROBERT D.
PELOQUIN, MARGARET S. PELOQUIN, POWER
PURSUIT LLC, MARIA MERCEDES PUYANA, AUDIE
M. ROLNICK, M.D., EILEEN IVERSON ROLNICK,
JOHN SCULLY, YVONNE SHIH, DEEPTAZ K. SIBIA,
HARDIAL SIBIA, MANJIT SIBIA, ROOPTAZ S. SIBIA,
SIRTAZ S. SIBIA, ARVIND K. SINGH, BALVINDER K.
SINGH, DEVINDER SINGH, HARINDERJIT SINGH,
M.D., JASLEEN SINGH, SURINDERJIT SINGH,
MAURICIO TANGIR, RAQUEL GRUNZWEIG DE
TANGIR, TECNODENT 508, CORP., CHARLES
VALENTINE, HERNÁN LOPEZ VERDE, LUCILLE
WALDMAN, FRANCES K. WERNER, and LEE LI YIN

Plaintiffs,

v.

SPA ATLANTIS MANAGEMENT, LLC, CHAI
DEVELOPMENT, LLC, ASHLEY BLOOM, HOWARD
BLOOM, LEONARD GROSS, JOSHUA MINKIN,
CAROL MINKIN, and BARRY HALPERIN, AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
MAURICE HALPERIN,

Defendants.



## AMENDED COMPLAINT

Plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, Nancy Contreras, John Cordisco, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, Dave Giudice, Violet Giudice, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Chan Yiu Keung, Lee Tze Koon, Martin Jaffee, Phyllis Jaffee, Tan Sek Lian, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., John TL Lim, Elisabeth Ann Lobo, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick, M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh, Harinderjit Singh, M.D., Jasleen Singh, Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Charles Valentine, Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin, sue Defendants Chai Development, LLC, Ashley Bloom, Howard Bloom, Leonard Gross, Joshua Minkin, Carol Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, and allege as follows:

## The Parties

### Plaintiffs

1.      A&L Atlantis, LLC is a Florida limited liability corporation with its principal place of business at 12365 SW 64 Avenue, Pinecrest, Florida.

2.      H.K. Acord is an individual with his residence in Wimberley, Texas.

3.      Marie Attaway is an individual with her residence in Augusta, Georgia.

4.      Isaac Attias is an individual with his residence in Fort Lauderdale, Florida.

5.      Shirley Attias is an individual with her residence in Fort Lauderdale, Florida.

6.      Paulyn Baciu is an individual with her residence in Hong Kong.

7.      Mariela Alejandra Barberis is an individual with her residence in Santa Fe, Argentina.

8.      Lee Ah Bee is an individual with his residence in Singapore.

9.      Gita Beharry is an individual with her residence in Pompano Beach, Florida.

10.      Juan Carlos Bizet is an individual with his residence in Santa Fe, Argentina.

11.      Román Fernandez Bonomi is an individual with his residence in Buenos Aires, Argentina.

12.      Bora Bora Ventures, Limited, is a British Virgin Islands corporation with its principal place of business at Sea Meadow House, Roadtown, Tortola, British Virgin Islands.

13.      Deborah Christen-Domedion is an individual with her residence in Tampa, Florida.

14.      Nancy Contreras is an individual with her residence in West Bend, Wisconsin.

15.      John Cordisco is an individual with his residence in Bristol, Pennsylvania.

16.      Barbara Crane is an individual with her residence in Washington, D.C.

17.      Cypress Creek Holdings Ltd. is a Texas limited partnership with its principal place of business in Wimberley, Texas.

18.     De Filippi Enterprises, Inc., is a Florida corporation with its principal place of business in Coral Gables, Florida.

19.     Adrian Enrique de Filippi is an individual with his residence in Santa Fe, Argentina.

20.     Andrea Dirugeris is an individual with her residence in Parkland, Florida.

21.     Natalie Dirugeris is an individual with her residence in Margate, Florida.

22.     Peter Dirugeris is an individual with his residence in Margate, Florida.

23.     William Dirugeris is an individual with his residence in Parkland, Florida.

24.     Eveger LLC is a Florida limited liability corporation with its principal place of business at 169 East Flagler Street, Suite 1534, Miami, Florida.

25.     Ariel Gadea is an individual with his residence in Buenos Aires, Argentina.

26.     David Gilbert is an individual with his residence in Washington, D.C.

27.     Dave Giudice is an individual with his residence in Middletown, New Jersey.

28.     Violet Giudice is an individual with her residence in Middletown, New Jersey.

29.     The John D. Goggins Trust is a trust whose trustee is John D. Goggins, an individual with his residence in Flint, Michigan.

30.     John D. Goggins is an individual with his residence in Flint, Michigan.

31.     Ellen Goldener is an individual with her residence in West Chester, Pennsylvania.

32.     John Goldener is an individual with his residence in West Chester, Pennsylvania.

33.     Koppelman-Goldstein-Robbins Family L.P. is an Ohio limited partnership with its principal place of business at 3687 Shepard Road, Perry, Ohio.

34.     Noreen Koppelman-Goldstein is an individual with her residence in Perry, Ohio.

35.     Chan Yiu Keung is an individual with his residence in Hong Kong.

36.     Lee Tze Koon is an individual with his/her residence in Singapore.

37.     Martin Jaffee is an individual with his residence in Delray Beach, Florida.

38.     Phyllis Jaffee is an individual with her residence in Delray Beach, Florida.

39.     Leedon Development Corporation is a Florida corporation with its principal place of business at 2875 Northeast 191st Street, Suite 801, Aventura, Florida.

40.     Deborah L. Levy, Ed. D., is an individual with her residence in North Miami, Florida.

41.     Elliott G. Levy, M.D., is an individual with his residence in North Miami, Florida.

42.     Tan Sek Lian is an individual with his/her residence in Singapore.

43.     John TL Lim is an individual with his residence in Singapore.

44.     John Lobo is an individual with his residence in Pinecrest, Florida.

45.     Betty Madey is an individual with her residence in Fort Lauderdale, Florida.

46.     Richard Madey Trust is a trust whose Trustee is Richard Madey, an individual with his residence in Ft. Lauderdale, Florida.

47.     Richard Madey is an individual with his residence in Fort Lauderdale, Florida.

48.     Ronald Madey is an individual with his residence in Newtown Square, Pennsylvania.

49.     Nicholas Mancini is an individual with his residence in Newtown, Pennsylvania.

50.     Rochelle Mancini is an individual with her residence in Newtown, Pennsylvania.

51.     Ultan Moran is an individual with his residence in Hong Kong.

52.     Michael Moynihan is an individual with his residence in Iselin, New Jersey.

53.     Fred R. Neighbors is an individual with his residence in Naples, Florida.

54.     Robert D. Peloquin is an individual with his residence in Fairfield, Pennsylvania.

55.     Margaret S. Peloquin is an individual with her residence in Fairfield, Pennsylvania.

56.     Power Pursuit LLC is a Florida limited liability corporation with its principal place of business at 1500 San Remo Avenue, Suite 177, Coral Gables, Florida.

57.     Maria Mercedes Puyana is an individual with her residence in Weston, Florida.

58.     Audie M. Rolnick, M.D. is an individual with his residence in Weston, Florida.

59.     Eileen Iverson Rolnick is an individual with her residence in Weston, Florida.

60.     John Scully is an individual with his residence in Elgin, Illinois.

61.     Yvonne Shih is an individual with her residence in Singapore.

62.     Deeptaz K. Sibia is an individual with his/her residence in Boca Raton, Florida.

63.     Hardial Sibia is an individual with his residence in Boca Raton, Florida.

64.     Manjit Sibia is an individual with her residence in Boca Raton, Florida.

65.     Rooptaz S. Sibia is an individual with his/her residence in Boca Raton, Florida.

66.     Sirtaz S. Sibia is an individual with his/her residence in Boca Raton, Florida.

67.     Arvind K. Singh is an individual with her residence in Augusta, Georgia.

68.     Balvinder K. Singh is an individual with her residence in Augusta, Georgia.

69.     Devinder Singh is an individual with his residence in Fort Lauderdale, Florida.

70.     Harinderjit Singh, M.D., is an individual with his residence in Augusta, Georgia.

71.     Jasleen Singh is an individual with her residence in Augusta, Georgia.

72.     Surinderjit Singh is an individual with his residence in Augusta, Georgia.

73.     Mauricio Tangir is an individual with his residence in Buenos Aires, Argentina.

74.     Raquel Grunzweig de Tangir is an individual with her residence in Buenos Aires,
Argentina.

75.     Tecnodent 508, Corp., is a Florida corporation with its principal place of business at
2588 S.W. 27th Avenue, Miami, Florida.

76.     Charles Valentine is an individual with his residence in Nashua, New Hampshire.

77.     Hernán Lopez Verde is an individual with his residence in Buenos Aires, Argentina.

78.     Lucille Waldman is an individual with her residence in Pompano Beach, Florida.

79.     Frances K. Werner is an individual with her residence in Pompano Beach, Florida.

80.     Lee Li Yin is an individual with his/her residence in Singapore.

**Defendants**

81.    Chai Development, LLC ("Chai") is a Florida limited liability corporation with its principal place of business at 1350 North Ocean Boulevard, Pompano Beach, Florida 33062 .

82.    Ashley Bloom ("A. Bloom") is an individual.  Upon information and belief, his residence is at 6584 Villa Sonrisa Drive, Apt. 1123, Boca Raton, Florida 33433.

83.    Howard Bloom ("H. Bloom") is an individual.  Upon information and belief, his residence is at 12601 Eagle Trace Boulevard, N., Coral Springs, Florida 33071.

84.    Leonard Gross ("Gross") is an individual.  Upon information and belief, his residence is at 2671 S. Course Drive, Pompano Beach, Florida 33069.

85.    Joshua Minkin ("J. Minkin") is an individual.  Upon information and belief, his residence is at 4405 Woodfield Boulevard, Boca Raton, Florida 33434.

86.    Carol Minkin ("C. Minkin") is an individual.  Upon information and belief, her residence is at 4405 Woodfield Boulevard, Boca Raton, Florida 33434.

87.    Barry Halperin, Personal Representative of the Estate of Maurice Halperin, is an individual.  Upon information and belief, his residence is at 6924 Queenferry Circle, Boca Raton, Florida 33496.  Maurice Halperin was the father of C. Minkin.

**Jurisdiction and Venue**

88.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 22 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77v(a). Jurisdiction of this Court is specifically conferred by the Securities Act, 15 U.S.C. § 77v(a), and also is predicated upon the existence of a federal question and the principles of pendent jurisdiction.

89.    The venue of this action is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c).  A substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district and all of the property that is the subject of this action is

situated in this district.  Defendants are subject to personal jurisdiction in this district and, therefore, reside in this district for purposes of venue.

## Factual Allegations

90.      Non-party Spa Atlantis Management, LLC ("Spa Atlantis") is a Florida limited liability corporation with its principal place of business at 1350 North Ocean Boulevard, Pompano Beach, Florida 33062.  Spa Atlantis currently is the subject of an involuntary bankruptcy proceeding in the Southern District of Florida, Case No. 03-26809-BKC-RBR.  Plaintiffs have voluntarily dismissed their claims against Spa Atlantis herein during the pendency of the bankruptcy.

91.      Upon information and belief, starting in or around July 1999, units in the Spa Atlantis Ocean Resort, a condominium hotel located at 1350 North Ocean Boulevard, Pompano Beach, Florida 33062 ("Resort"), were offered for sale to the general public, throughout the United States and overseas, pursuant to advertising, sales literature, promotional schemes and/or oral representations.

92.      The Resort is a 10-story high-rise building with a total of 104 units:  89 residential units and 15 commercial units (collectively, "Units").  The Residential Units in the Resort were constructed to be used for transient and/or hotel rentals.

93.      Chai is the owner of the unsold Units that were and are being offered for sale to the general public, and Spa Atlantis has been managing the Resort since its inception.  A. Bloom, H. Bloom, Gross, J. Minkin and C. Minkin are, or have been, members and/or officers of Chai and Spa Atlantis at times material hereto.  Gross had day-to-day responsibility for directing the creation and sale of the Resort at all times material hereto.  C. Minkin is the Managing Member of Spa Atlantis and has been managing the Resort since its inception.  Upon information and belief, C. Minkin has no prior experience managing a hotel/resort operation.

94.     At all times material hereto, defendants were engaged in a de facto partnership for the development, marketing, sale and management of the Resort.

95.     At all relevant times, officers, agents, employees, and representatives of Spa Atlantis have acted on behalf of Chai and *vice versa* without differentiating in which capacity they acted, such that acts and representations by any such officer, agent, employee, or representative serve to bind both Spa Atlantis as well as Chai.

96.     Chai and Spa Atlantis engaged in a program of offering to sell Units to third parties, coupled with an offer or agreement to arrange certain rental or other services for the purchaser. Specifically, defendants offered the Units to the general public in conjunction with an offer to lease the Units for a guaranteed rate of return.  One advertisement touted the project as ***"The Best Investment Property Ever Heard."***

97.     Defendants' plan for the Resort was described in a letter dated October 10, 2002, from C. Minkin, Spa Atlantis' Managing Member, to the "Unit Owners of Spa Atlantis Resort." In that letter, C. Minkin stated that

> [T]he original contemplated operation of the Spa Atlantis Resort centered around the successful operation of the hotel and spa facility. Unit purchasers acquired their condominium units and simultaneously entered into a lease with Spa Atlantis Management, LLC.  The rental income to the unit owners was to offset any debt service inured by the unit owner in conjunction with the acquisition of the unit.   Spa Atlantis Management, LLC would meet its obligation from the cash flow created by the hotel operations.

98.     Consistent with defendants' plan for the operation of the Resort, at each closing for the Units, Spa Atlantis concurrently entered into lease back agreements with the new Unit owners. The lease back agreements promised a guaranteed rate of return, through purported rental income, for a specified period.  The sale and lease back of the Units thus constituted a securities offering to the public at large. *See* The United States Securities and Exchange Commission's statement to builders

and sellers of condominiums of their obligations under the Securities Act, 1973 SEC LEXIS 3277 (January 18, 1973).

99.     The new Unit owners were led to expect profits from their purchase of the Unit solely from the efforts of defendants.  For example, the lease back agreements provided that all leasing activities were to be undertaken by Spa Atlantis, and that Spa Atlantis had sole discretion over the rental terms and conditions.  By way of further example, in addition to the rental income guaranteed to the new Unit owners, Spa Atlantis contracted to pay the annual condominium maintenance assessment for the Unit, real property taxes associated with the Unit, all utilities, maintenance of the Unit, and all repairs.  Spa Atlantis further had the sole right to select and acquire furnishings it alone deemed suitable and necessary for the operation of the Unit as a hotel unit or short term rental property.

100.     The plaintiffs purchased Units in the Resort pursuant to transactions that closed in 2002, and concurrently entered into lease back agreements with Spa Atlantis (the "Leases"), as described above.  The Leases provided for "guaranteed" annual returns, which were set forth in the Leases or on a cover page attached to "Standard Lease Terms and Conditions."  The Leases were for varying lengths of time, and promised monthly payments for as little as two years or as long as ten years.  The final Leases, executed at each of the plaintiffs' closings, were a different form than the proposed "Rental Lease Agreement" provided to investors prior to closing.  A true and correct copy of the "Standard Lease Terms and Conditions" was attached to the initial complaint in this matter as Exhibit "A."

101.     In or around July 2002, C. Minkin represented to certain of the plaintiffs that the Resort would be profitable.  She advised at least one investor, "don't worry; the property will be a success and you'll get your money."

102.     The Resort began operating in early 2002. As of October 2002, more than two-thirds of the Units were sold.

103.     Inexplicably, in or around December 2002, Spa Atlantis stopped paying all Unit owners their monthly lease back rental fees. ***Since that date, Spa Atlantis has not paid one dime to the plaintiffs***, notwithstanding the fact that the Resort has had significant occupancy at times since then. Spa Atlantis's failure to make these required payments also comes at a time when the lodging industry in South Florida has performed very well, with most comparable properties experiencing high occupancy and profitability.

104.     Spa Atlantis management has not provided any accounting to the plaintiffs to explain the financial performance of the Resort. On information and belief, the Resort has been profitable, but defendants C. Minkin and Maurice Halperin have kept all the profits for themselves, to the exclusion of the plaintiffs and other investors in the Resort.

105.     On information and belief, Chai has at all time material hereto continued to own approximately 28 residential units in the Resort, which it has offered for sale to the public. On information and belief, Chai also continues to own all of the "commercial units" in the Resort, including the Spa, restaurant, gift shop, and recreation facilities. On information and belief, Chai obtained title to the units owned by it without payment of any funds, as funds from the plaintiffs and other investors were used to pay for construction of the Resort and to satisfy all previously outstanding construction loans. As a result, Chai obtained its ownership interest in the Resort through the fraud complained of herein.

106.     The Resort is governed by condominium documents that provide that investors other than the developer have the right to elect at least one third of the board of directors when more than 15% of the units have been sold to someone other than the developer (i.e., Chai). That threshold was triggered in the fall of 2002, at the latest, but as of this date C. Minkin, Chai, and Spa Atlantis have

failed to adhere to the governing documents of the condominium association by expanding the board of directors.  On information and belief, C. Minkin remains the sole director of the condominium association.

107.    All conditions precedent to this action have occurred or have been waived.

## COUNT I
## Action pursuant to Section 12(a) of the Securities Act
### (Against Chai)

108.    The allegations of paragraphs 1 through 107 are incorporated herein and realleged.

109.    This Count is brought only on behalf of plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, Nancy Contreras, John Cordisco, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Lee Tze Koon, Martin Jaffee, Phyllis Jaffee, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., Tan Sek Lian, John TL Lim, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick, M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh, Harinderjit Singh, M.D., Jasleen Singh, Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin.

110.    Chai's offer to sell Units coupled with a lease back agreemnent constituted a securities offering to the public at large.   *See* The United States Securities and Exchange Commission's statement to builders and sellers of condominiums of their obligations under the Securities Act, 1973 SEC LEXIS 3277 (January 18, 1973).

111.    The Unit owners' investment in the Resort were and are "securities" because with respect to each transaction, the parties (1) entered into a contract to purchase Units (2) in a common enterprise, (3) coupled with a lease back agreement (4) that led the Unit owners to expect profits solely from the efforts of the manager of the property.   *See Securities and Exchange Commission v. Howey,* 328 U.S. 293 (1946).

112.    As a securities offering, the sale of Units was required to be registered pursuant to Section 5 of the Securities Act, 15 U.S.C. § 77e

113.    At the time of the sales of Units to plaintiffs and thereafter, Chai failed to register the securities offering in violation of Section 5 of the Securities Act.

114.    By selling the Units and simultaneously promising to enter into lease back agreements, Chai has engaged in the regular and not isolated unlawful sale of unregistered securities to plaintiffs in violation of Section 5 of the Securities Act.

115.    Chai is liable to plaintiffs under Section 12 of the Securities Act for the sale of unregistered securities in violation of Section 5 of the Securities Act.

116.    Plaintiffs continue to own the Units they purchased from Chai.

117.    Plaintiffs are entitled to a rescission of the purchase of their various Units and a refund of the consideration paid to Chai by each plaintiff, plus interest at the legal rate from the date of purchase pursuant to Section 12(a) of the Securities Act, 15 U.S.C. § 77l(a).   Accordingly, plaintiffs tender the Units.

118.     Plaintiffs have retained the undersigned law firm to bring this claim and are obligated to pay the firm reasonable attorneys' fees for the firm's services.

WHEREFORE, plaintiffs demand judgment against Chai for rescission of the purchase agreements for each Unit purchased by plaintiffs, refund of the consideration paid to Chai by each plaintiff, plus pre-judgment interest from the date of purchase, post-judgment interest, the costs associated with bringing this action, including reasonable attorneys' fees, and any further relief that the Court deems appropriate.

**COUNT II**
**Action pursuant to Section 15 of the Securities Act**
**(Against A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin)**

119.     The allegations of paragraphs 1 through 107 are incorporated herein and realleged.

120.     This Count is brought against A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin on behalf of plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, John Cordisco, Nancy Contreras, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Lee Tze Koon, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Martin Jaffee, Phyllis Jaffee, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., Tan Sek Lian, John TL Lim, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick,

M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh, Harinderjit Singh, M.D., Jasleen Singh, Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin. This Count is brought against Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, only, by plaintiffs Dave Giudice, Violet Giudice, Chan Yiu Keung, and Charles Valentine.

121.    By virtue of their office, directorship and specific acts, A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Maurice Halperin were, at the time of the wrongs alleged herein, each controlling persons of Chai within the meaning of Section 15 of the Securities Act, 15 U.S.C. § 77o.

122.    A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin and Maurice Halperin knowingly or recklessly used their power and authority to cause Chai to engage in the illegal conduct and practices complained of herein by causing Chai to engage in the sale of unregistered securities to plaintiffs.

123.    By reason of the conduct alleged in Count I against Chai, and because of their status as controlling persons, defendants A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, are liable to plaintiffs under Section 15 of the Securities Act.

WHEREFORE, plaintiffs demand judgment against defendants A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, for rescission of the purchase agreements for each Unit purchased by plaintiffs, refund of the consideration paid to Chai by each plaintiff, plus pre-judgment interest from the date of purchase, post-judgment interest, the costs associated with bringing this action, including reasonable attorneys' fees, and any further relief that the Court deems appropriate.

## COUNT III
## Action pursuant to Florida Statute Chapter 517
### (Against all defendants)

124.    The allegations of paragraphs 1 through 107 are incorporated herein and realleged.

125.    This Count is brought against A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin on behalf of plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, Nancy Contreras, John Cordisco, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Lee Tze Koon, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Martin Jaffee, Phyllis Jaffee, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., Tan Sek Lian, John TL Lim, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick, M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh, Harinderjit Singh, M.D., Jasleen Singh, Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin.  This Count is brought against Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, only, by plaintiffs Dave Giudice, Violet Giudice, Chan Yiu Keung, and Charles Valentine.

126.    Chai's offer to sell Units coupled with an offer to lease them back constituted a securities offering to the public at large.

127.    As a securities offering, the sale of Units was required to be registered pursuant to Fla. Stat. § 517.07.

128.    Chai failed to register the securities offering in violation of Fla. Stat. § 517.07.

129.    By selling the Units and agreeing to enter into lease back agreements, Chai has engaged in the regular and not isolated unlawful sale of unregistered securities to plaintiffs in violation of Fla. Stat. Chapter 517.

130.    Upon information and belief, A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Maurice Halperin have personally participated or aided in selling Units to plaintiffs. Defendants A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, are thus liable to plaintiffs for actions taken by Chai pursuant to Fla. Stat. § 517.211(1).

131.    Plaintiffs continue to own the Units they purchased from Chai.

132.    Plaintiffs are entitled to a rescission of the purchase of their various Units and a refund of the consideration paid to Chai by each plaintiff, plus interest at the legal rate from the date of purchase. Accordingly, plaintiffs tender the Units.

133.    Plaintiffs have retained the undersigned law firm to bring this claim and are obligated to pay the firm reasonable attorneys' fees for the firm's services.

134.    Plaintiffs are entitled to recover their reasonable attorneys' fees pursuant to Fla. Stat. § 517.211(6).

        WHEREFORE, plaintiffs demand judgment against defendants for rescission of the purchase agreements for each Unit purchased by plaintiffs, refund of the consideration paid to Chai by each plaintiff, plus pre-judgment interest from the date of purchase, post-judgment interest, the

costs associated with bringing this action, including reasonable attorneys' fees, and any further relief that the Court deems appropriate.

## COUNT IV
## Breach of Fiduciary Duty
### (Against J. Minkin and C. Minkin)

135.    The allegations of paragraphs 1 through 107 are incorporated herein and realleged.

136.    This Count is brought only on behalf of plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, Nancy Contreras, John Cordisco, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Lee Tze Koon, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Martin Jaffee, Phyllis Jaffee, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., Tan Sek Lian, John TL Lim, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick, M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh, Harinderjit Singh, M.D., Jasleen Singh, Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin.

137.    Spa Atlantis entered into Leases with plaintiffs that obligate Spa Atlantis to provide plaintiffs with guaranteed monthly rental income.

138.    J. Minkin and C. Minkin are the "Managing Members" of Spa Atlantis, and are actively involved in the day-to-day management of the Resort.  Upon information and belief, J. Minkin and C. Minkin have no prior experience operating a hotel or resort property.

139.    As the Managing Members of Spa Atlantis, J. Minkin and C. Minkin owe plaintiffs a duty of care as a fiduciary.  J. Minkin and C. Minkin have breached this duty

(a)  by failing to manage the Resort in a profitable fashion;

(b)  by failing to hire professional managers with relevant experience;

(c)  by hiring too many workers, thus incurring unnecessary cost and expense;

(d)  by hiring Janus, a hotel management company, and continuing to pay Janus, even though Janus has been banned from the Resort;

(e)  by failing to furnish all Units leased from plaintiffs pursuant to the Leases;

(f)  by failing to make the entire pool of Units available for rental; and

(g)  by failing to properly advertise the Resort.

140.    As a result of J. Minkin and C. Minkin's breaches of fiduciary duty to plaintiffs, each plaintiff has been damaged in excess of $75,000 in addition to pre-judgment interest, attorneys' fees and costs.

WHEREFORE, each plaintiff demands judgment against defendants J. Minkin and C. Minkin in an amount in excess of $75,000, together with pre-judgment interest, the costs associated with bringing this action, including reasonable attorneys' fees, and any further relief that the Court deems appropriate.

## COUNT V
## Action pursuant to Section 10(b) of the Exchange Act
## and Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

141.    The allegations of paragraphs 1 through 107 are incorporated herein and realleged.

142.    This Count is brought against A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin on behalf of plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, Nancy Contreras, John Cordisco, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Lee Tze Koon, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Martin Jaffee, Phyllis Jaffee, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., Tan Sek Lian, John TL Lim, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick, M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh, Jasleen Singh, Harinderjit Singh, M.D., Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin. This Count is brought against Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, only, by plaintiffs Dave Giudice, Violet Giudice, Chan Yiu Keung, and Charles Valentine.

143.    Maurice Halperin was a member and/or officer of Chai and Spa Atlantis at all times material hereto.  In 1991, Halperin was sanctioned by the SEC, fined $50,000, and permanently enjoined by the U.S. District Court for the District of Columbia from future violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

144.    Defendant H. Bloom was also a member and/or officer of Chai and Spa Atlantis at all times material hereto.  In 1990, H. Bloom was convicted for tax fraud for bribing an Internal Revenue Service agent to fix his delinquent federal income taxes.  H. Bloom was released from federal prison on June 28, 1995.

145.    Each of the defendants knew or recklessly disregarded material adverse information that Halperin was sanctioned by the SEC and prohibited from promoting securities, and that H. Bloom was jailed for tax fraud.  These material facts were never disclosed to plaintiffs in the marketing, sale and/or lease of the Units.

146.    With knowledge of or reckless disregard for the truth, defendants failed to provide prospective and actual purchasers of the Units with the information on the background of their members and/or officers that would allow the individual investors to accurately assess the risk factors involved in purchasing Units from Chai coupled with a lease back agreement.

147.    Defendants have violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder in that they directly or indirectly made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading.

148.    Plaintiffs have suffered damage in that, in reliance on the statements made by defendants, they purchased Units at the Resort.  Plaintiffs would not have purchased Units at the Resort, or would not have purchased Units on the terms on which they were sold, had they known

that Chai and Spa Atlantis' members, officers, or principals had been previously sanctioned by the SEC and prohibited from selling securities, or jailed for tax evasion.

WHEREFORE, each plaintiff demands judgment against defendants in an amount in excess of $75,000, together with pre-judgment interest, the costs associated with bringing this action, including reasonable attorneys' fees, and any further relief that the Court deems appropriate.

### COUNT VI
### Action pursuant to Section 20(a) of the Exchange Act
**(Against A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, Personal Representative of the Estate of Maurice Halperin)**

149.    The allegations of paragraphs 1 through 107 are incorporated herein and realleged.

150.    This Count is brought against A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin on behalf of plaintiffs A&L Atlantis, LLC, H.K. Acord, Marie Attaway, Isaac Attias, Shirley Attias, Paulyn Baciu, Mariela Alejandra Barberis, Lee Ah Bee, Gita Beharry, Juan Carlos Bizet, Román Fernandez Bonomi, Bora Bora Ventures, Limited, Deborah Christen-Domedion, Nancy Contreras, John Cordisco, Barbara Crane, Cypress Creek Holdings Ltd., De Filippi Enterprises, Inc., Adrian Enrique de Filippi, Andrea Dirugeris, Natalie Dirugeris, Peter Dirugeris, William Dirugeris, Eveger LLC, Ariel Gadea, David Gilbert, John D. Goggins Trust by and through John D. Goggins, Trustee, John D. Goggins, Ellen Goldener, John Goldener, Lee Tze Koon, Koppelman-Goldstein-Robbins Family L.P., Noreen Koppelman-Goldstein, Martin Jaffee, Phyllis Jaffee, Leedon Development Corporation, Deborah L. Levy, Ed. D., Elliott G. Levy, M.D., Tan Sek Lian, John TL Lim, John Lobo, Betty Madey, Richard Madey Trust by and through Richard Madey, Trustee, Richard Madey, Ronald Madey, Nicholas Mancini, Rochelle Mancini, Ultan Moran, Michael Moynihan, Fred R. Neighbors, Robert D. Peloquin, Margaret S. Peloquin, Power Pursuit LLC, Maria Mercedes Puyana, Audie M. Rolnick, M.D., Eileen Iverson Rolnick, John Scully, Yvonne Shih, Deeptaz K. Sibia, Hardial Sibia, Manjit Sibia, Rooptaz S. Sibia, Sirtaz S. Sibia, Arvind K. Singh, Balvinder K. Singh, Devinder Singh,

Harinderjit Singh, M.D., Jasleen Singh, Surinderjit Singh, Mauricio Tangir, Raquel Grunzweig de Tangir, Tecnodent 508, Corp., Hernán Lopez Verde, Lucille Waldman, Frances K. Werner, and Lee Li Yin. This Count is brought against Barry Halperin, as Personal Representative of the Estate of Maurice Halperin, only, by plaintiffs Dave Giudice, Violet Giudice, Chan Yiu Keung, and Charles Valentine.

151. Defendants A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin and Maurice Halperin acted as controlling persons of Chai within the meaning of Section 20(a) of the Exchange Act. By reason of their ownership of and positions with Chai, participation in and/or awareness of Chai's operations, and/or intimate knowledge of the false and misleading information disseminated to the investing public, these defendants had the power and authority to cause Chai to engage in the wrongful conduct complained of herein, and did influence and control, directly or indirectly, the decision-making of Chai, including the content and dissemination of the statements which plaintiffs contend are false and misleading. These defendants had the ability to prevent the issuance of false and misleading statements regarding the background of their members and/or officers that would allow the individual investors to accurately assess the risk factors involved in purchasing Units from Chai coupled with a lease back agreement.

152. As set forth above, defendants violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in the Complaint. By virtue of their positions as controlling persons, defendants A. Bloom, H. Bloom, Gross, J. Minkin, C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice Halperin are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of these defendants' wrongful conduct, plaintiffs suffered damages in connection with their purchases of Units at the Resort.

WHEREFORE, each plaintiff demands judgment against defendants A. Bloom, H. Bloom, Gross, J. Minkin C. Minkin, and Barry Halperin, as Personal Representative of the Estate of Maurice

Halperin, in an amount in excess of $75,000, together with pre-judgment interest, the costs associated with bringing this action, including reasonable attorneys' fees, and any further relief that the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial for all claims triable by jury.

Respectfully submitted,

Date:  January 7, 2004

**AKERMAN SENTERFITT**
SunTrust International Center
One Southeast Third Avenue - 28th Floor
Miami, Florida 33131-1704
Phone: 305-374-5600
Fax: 305-374-5095

By: _____
Brian P. Miller
Florida Bar No.: 0980633
E-mail: bmiller@akerman.com
Samantha J. Kavanaugh
Florida Bar No.: 0194662
E-mail: skavanaugh@akerman.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail on this 7th day of January, 2004, on:  **Franklin Zemel, Esq.**, Broad and Cassel, One Financial Plaza, Suite 2700, Fort Lauderdale, Florida 33394; **Wendy Leavitt, Esq.**, Steel Hector & Davis, 200 South Biscayne Boulevard, Miami, Florida 33131; and **Kenneth Vianale, Esq.**, Vianale & Vianale, The Plaza, Suite 801, 5355 Town Center Road, Boca Raton, Florida 33486.

_____
Attorney