UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61980-CIV-COHN

A&L ATLANTIS, LLC, et al.,

    Plaintiffs,

vs.

SPA ATLANTIS MANAGEMENT, LLC, et al.,

    Defendants.
_____/



### ORDER GRANTING IN PART AGREED MOTION TO ABATE AND/OR STAY PROCEEDINGS PENDING SETTLEMENT
### ORDER TERMINATING CERTAIN MOTIONS PURSUANT TO SETTLEMENT

THIS CAUSE is before the Court upon the Plaintiffs' Agreed Motion to Abate and/or Stay Proceedings Pending Settlement [filed October 26, 2004]. The Court has carefully considered the motion, and is otherwise fully advised in the premises.

Plaintiffs seek a stay in this case because a settlement was reached between Plaintiffs and four of seven Defendants remaining in this action.[1] Plaintiffs' motion seeks a stay through March 9, 2005. However, the proposed order does not refer to a specific date, but rather states that the stay is effective until either the Settlement Agreement terminates pursuant to its terms, or the settlement closes.

The Court generally does not grant open-ended or lengthy stays of civil cases. Moreover, the settlement agreement does not include all Defendants. While the Court appreciates the parties' attempt to conserve judicial resources, the Court also notes

---

[1] The first named defendant, Spa Atlantis Management, LLC, was the subject of a voluntary dismissal without prejudice [DE 12]. This defendant was omitted from the Amended Complaint and the Second Amended Complaint. The Court will direct the Clerk to terminate Defendant Spa Atlantis for docket purposes.



that this case is not set for trial until September 19, 2005. At this point, there is no need for an extended stay. Nonetheless, the Court will grant a partial abatement, in that the Court will not rule upon the pending motions to dismiss filed by Defendants who are parties to the settlement agreement. The Court will terminate those motions as pending motions, subject to renewal by the filing party if the Settlement does not close by January 31, 2005.

As to the non-settling Defendants, Howard Bloom, Ashley Bloom and Leonard Gross, no stay of the case is appropriate. The Court will endeavor to rule on the two pending motions involving these Defendants.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Agreed Motion to Abate and/or Stay Proceedings Pending Settlement [filed October 26, 2004] is hereby **GRANTED in part** as explained above, and **DENIED**, in that a full stay of this case shall not be in place;

2. Defendants Chai Development, LLC, Howard Minkin and Carol Minkin's Motion for Partial Summary Judgment [DE 83-1] or to Dismiss [DE 83-2] shall be **TERMINATED** by the Clerk of Court, subject to renewal by the filing party if the Settlement does not close by January 31, 2005;

3. Defendant Barry Halperin's Motion to Dismiss [DE 98] shall be **TERMINATED** by the Clerk of Court, subject to renewal by the filing party if the Settlement does not close by January 31, 2005;

4. Defendants' Motion for Extension of Time [DE 113] may be **TERMINATED** as a duplicate filing to DE 112, and as moot, as the relief requested was already granted;

5.  Defendant Spa Atlantis Management, LLC is hereby **DISMISSED without prejudice** from this action, pursuant to Plaintiffs' voluntary dismissal.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of October, 2004.

JAMES I. COHN
United States District Judge

copies to:

Magistrate Judge Lurana Snow

Samantha Kavanaugh, Esq./Brian Miller, Esq.
Franklin Zemel, Esq.
Wendy Leavitt, Esq./Lewis Murphy, Esq.
Kenneth J. Vianale, Esq.
Stephen M. Cohen, Esq.